```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**PETRUS NGOZI HAWKINS,**

      **Petitioner,**

**v.**                                                   **CIVIL ACTION No. 1:20CV129**
                                                    **CRIMINAL ACTION No. 1:08CR68**
                                                              **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

Pending before the Court is a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by the petitioner, Petrus Ngozi Hawkins ("Hawkins") (Dkt. No. 1).[1] For the reasons that follow, the Court concludes that Hawkins's motion is untimely under 28 U.S.C. § 2255(f)(1), **DENIES** the motion (Dkt. No. 1), and **DISMISSES** this case **WITHOUT PREJUDICE**.

### I. PROCEDURAL BACKGROUND

On June 30, 2020, Hawkins filed a § 2255 motion to vacate, set aside, or correct his sentence (Dkt. No. 1). Following a preliminary review of Hawkin's motion under Rule 4 of the Rules Governing § 2255 Proceedings, the Court concluded that Hawkins's motion may be untimely and issued a notice pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) ("Notice"), warning him

---

[1] All docket numbers, unless otherwise noted, refer to Civil Action No. 1:20CV129.

**HAWKINS v. USA**                                           **1:20CV129/1:08CR68**

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

that his case may be dismissed unless he could demonstrate why the one-year statute of limitations should be equitably tolled (Dkt. No. 4). Despite receiving the Notice on September 8, 2020, Hawkins has failed to respond (Dkt. No. 5).

## II. ONE-YEAR LIMITATION PERIOD

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for filing a habeas petition under § 2255. Under the AEDPA, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In the Fourth Circuit, when a § 2255 motion appears untimely and the Government has not filed a motion to dismiss based on the

**HAWKINS v. USA**  1:20CV129/1:08CR68

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

one-year statute of limitations, courts must warn petitioners that the case is subject to dismissal absent a sufficient explanation. See United States v. Sosa, 364 F.3d 507 (4th Cir. 2004); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

### III. ANALYSIS

On October 30, 2008, Hawkins pleaded guilty to one count of possession with the intent to distribute less than fifty (50) kilograms of marijuana within 1,000 feet of a protected location ("drug offense"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 860 (Case No. 1:08CR68, Dkt. No. 16). On March 3, 2009, the Court sentenced Hawkins to 12 months and one day of imprisonment, followed by a four-year term of supervised release (Case No. 1:08CR68, Dkt. No. 22). The Court entered judgment on March 12, 2009. Because Hawkins did not appeal, his conviction for the drug offense became final fourteen (14) days later, on March 26, 2009. See Case No. 1:08CR68, Dkt. Nos. 22, 24; Fed. R. App. P. 4(b)(1)(A)(I).

Later, on April 1, 2014, while Hawkins was serving a revocation sentence of 10 months for violating his conditions of supervision, a grand jury sitting in this District returned an indictment charging him with being a felon in possession of a firearm ("firearm offense"), in violation of 18 U.S.C. §§ 922(g)(1)

3

**HAWKINS v. USA**                                         **1:20CV129/1:08CR68**

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

and 924(a)(1) (Case No. 1:14CR29, Dkt. No. 1). After Hawkins pleaded guilty to this offense, the Court sentenced him to 46 months of imprisonment, followed by a two-year term of supervised release (Case No. 1:14CR29, Dkt. Nos. 26, 32). The Court entered Judgment in the case on October 27, 2014 (Case No. 1:14CR29, Dkt. No. 34). Hawkins did not appeal this firearm conviction, which became final on November 10, 2014. Fed. R. App. P. 4(b)(1)(A)(I).

The Federal Rules of Appellate Procedure require that "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). A criminal conviction becomes final when the time for a direct appeal expires and the defendant has not noticed an appeal. United States v. Oliver, 878 F.3d 120, 125 (4th Cir. 2017).

Although Hawkins filed his § 2255 motion in Criminal Action No. 1:08CR68, the drug case, his argument references his guilty plea for his firearm offense. In any event, he never filed his motion until June 30, 2020, well past the applicable statute of limitations for either offense. In his motion, Hawkins argues that his counsel was ineffective because, at the time of his guilty plea, he failed to advise Hawkins that the government had to establish as an element of 18 U.S.C. § 922(g) that Hawkins knew he

**HAWKINS v. USA**                                                           **1:20CV129/1:08CR68**

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

was a convicted felon (Dkt. No. 1 at 4-6).

Liberally construed, Hawkins contends that the one-year statute of limitations does not bar his motion because the recent case of Rehaif v. United States, 139 S. Ct. 2191 (2019), impacts his § 922(g) convictions. See § 2255(f)(3). In Rehaif, the Supreme Court held that, in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove that the defendant knew he possessed a firearm, and that he knew he belonged to the category of persons barred from possessing a firearm. Id. at 2195. In doing so, it clarified the requirements of §§ 922(g) and 924(a)(2). Importantly, however, in Greer v. United States, 141 S. Ct. 2090 (2021), the Supreme Court recently confirmed that Rehaif did not announce a new rule of constitutional law, or make any such rule retroactive on collateral review. Hawkins's motion, therefore, was untimely filed, and because he has failed to demonstrate any good cause why the statute of limitations should be tolled, his case is subject to dismissal.

### IV. CONCLUSION

For the reasons discussed, the Court **DISMISSES** this case **WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States; to transmit copies of this order to

5

**HAWKINS v. USA**                                                            **1:20CV129/1:08CR68**

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

Hawkins at his last known address by certified mail, return receipt requested, and to counsel of record via electronic means; and to strike this case from the Court's active docket.

### V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceeding, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Hawkins has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2255(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 33638 (2003). Upon review of the record, the Court concludes that Hawkins has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of

**HAWKINS v. USA**                                                                   **1:20CV129/1:08CR68**

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S §  2255 MOTION [DKT. NO. 1] AND DISMISSING CASE WITHOUT PREJUDICE**

appealability.

DATED: July 20, 2021

                                                /s/ Irene M. Keeley
                                                IRENE M. KEELEY
                                                UNITED STATES DISTRICT JUDGE